IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS L. PALMS, *also known as*, JASON G. SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>LEAH GIERCYK, ALBERT HERBERT, ATLANTIC CITY POLICE DEPARTMENT, and BILLIE J. MOORE,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>14-2467 (JBS-AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this action, pro se Plaintiff Curtis L. Palms, also known as Jason G. Spence (hereinafter, "Plaintiff"), generally alleges that Leah Giercyk (hereinafter, "Officer Giercyk"), Albert Herbert (hereinafter, "Officer Herbert"), Atlantic City Police Department (hereinafter, the "ACPD"), and Billie J. Moore (hereinafter, "Judge Moore" and collectively, "Defendants"), violated his Fourth, Fifth, Sixth, and Eighth Amendment rights in obtaining, and executing upon, an arrest warrant issued against him on November 9, 2013. [Docket Item 10 at 7.] Because Plaintiff brings this action in forma pauperis, the Court has an obligation to screen the complaints under 28 U.S.C. § 1915(e)(2).[1]

---

[1] On August 26, 2014, this Court granted Plaintiff's application to proceed in forma pauperis, as well as his motion to file an Amended Complaint. [See Docket Item 9.]

For the reasons that follow, Plaintiff's claims against Judge Moore will be dismissed with prejudice on immunity grounds, and his claims against the remaining Defendants will be dismissed without prejudice for failure to plead sufficient facts. The Court finds as follows:

1. **Factual and Procedural Background**.[2] In his substantively eight paragraph Amended Complaint, Plaintiff generally alleges that, on November 9, 2013, Officers Giercyk and Herbert obtained a criminal "Complaint-Warrant" against him for aggravated assault and possession of a weapon, by swearing to the contents of the "Complaint-Warrant" before Judge Moore (allegedly by telephone). [See Docket Item 10 at 8.] Officer Giercyk, in turned, arrested Plaintiff on the same day, and he appeared before Judge Moore for his arraignment on November 13, 2009. [See id. at 16-18.] Plaintiff, however, alleges that the issuance of the "Complaint-Warrant," and the resulting arrest, violated an array of his constitutional rights, based upon his belief that the Defendant Officers did not, in fact, swear to the contents of the "Complaint-Warrant" before Judge Moore. [Id.]

---

[2] For purposes of the pending motion, the Court accepts as true the version of events set forth in Plaintiff's Complaint, and construes Plaintiff's pleading, as it must, liberally. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011) (describing the liberal construction required of pro se submissions); Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (same).

2.     **Standard of Review**.  28 U.S.C. § 1915(e)(2)(B) requires the Court to review Plaintiff's Complaints and dismiss sua sponte any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In this case, the Court finds Plaintiff's Amended Complaint subject to dismissal because it seeks relief against an immune defendant (Judge Moore), and because it otherwise fails to state plausible claims for relief against the remaining Defendants (Officer Giercyk, Officer Herbert, and the ACPD), as required by Federal Rules of Civil Procedure 8(a) and 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B).

3.     **Judge Moore and Absolute Judicial Immunity**.  Turning first to Plaintiff's claims against Judge Moore, the Court reasons that these claims must be dismissed with prejudice on the grounds of absolute judicial immunity.  "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 11 (1991)).  Indeed, judicial officers benefit from absolute immunity "from liability for [] judicial acts even if [the] exercise of authority" occurred in error, "was flawed by the commission of grave procedural errors," or was in excess of [the

3

judicial] authority."[3] Stump v. Sparkman, 435 U.S. 349, 356 (1978).

4. Plaintiff's claims against Judge Moore stem, entirely, from her issuance of a "Complaint-Warrant" against him, and his subsequent appearance before her for an arraignment. Judge Moore's conduct in this respect, however, is quintessentially judicial, and she enjoys absolute immunity from this suit. For that reason, the claims against Judge Moore will be dismissed with prejudice.

5. **Officer Giercyk, Officer Herbert, the ACPD and Failure to State a Claim**. Turning then to Plaintiff's remaining claims, the Court finds them equally subject to dismissal. Under Federal Rule of Civil Procedure 8, a claim for relief must contain "a short and plain statement of the claim" sufficient to demonstrate entitlement to relief. FED. R. CIV. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6), in turn, requires dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

6. In applying these stands, the Court must liberally construe the well-pleaded allegations, and draw all reasonable inferences in favor of the pro se litigant. Higgs, 655 F.3d at

---

[3] Judicial immunity can be overcome "for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity," Stump, 435 U.S. at 362, and/or for actions "taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 12. Plaintiff's Amended Complaint contains no facts to support the application of either exception here.

4

339 (3d Cir. 2011); Capogrosso, 588 F.3d at 184.  Despite this liberality, however, a pro se complaint must still "contain sufficient factual matter, accepted as true," to "'state a [plausible] claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (citation omitted).  Rather, in order to prevent a summary dismissal, a complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d cir. 2009) (citing Iqbal, 556 U.S. at 678).

    7.  Plaintiff's Amended Complaint requires no complex inquiry in this instance, because it plainly fails to state sufficient factual matter, accepted as true, to demonstrate plausible claims to relief.  Indeed, in his Amended Complaint, Plaintiff expresses little more than his unsubstantiated belief that Officer Giercyk impermissibly swore to the contents of the "Complaint-Warrant" before Judge Moore.  [See generally Docket Item 10.]  From this essentially single allegation, Plaintiff attempts to launch an array of constitutional claims.  Nevertheless, the allegations of his Amended Complaint, as presently fashioned, fall far short of the federal pleading requirements outlined above.  Indeed, the allegations do not

5

even make clear the precise basis for his belief that the "Complaint-Warrant" somehow issued unlawfully.  As a result, the Court will dismiss Plaintiff's claims against Officer Giercyk, Officer Herbert, and the ACPD without prejudice.  Because it is possible that Plaintiff may be able to cure these deferences by alleging a sufficient factual basis, Plaintiff may attempt to do so by filing an Amended Complaint as to these defendant officers within forty-five days from entry of this Order accompanying this Memorandum Opinion.  That Amended Complaint, if filed, will be subject to screening under § 1915(e)(2), above.

    8.   An accompanying Order will be entered.

| | |
|---|---|
| **March 31, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |